Good morning. May it please the Court. Summary of the Oto of Earth Justice, appearing on behalf of the Moms on a Mission Hui, Molokaʻi Mahiʻi, Jerry Ross, and Center for Food Safety. My clients represent mothers, organic farmers, and beekeepers who suffer from health and obesity, significantly on the island of Molokaʻi. And my clients are here before you today because the courthouse doors were shut twice on them unjustly. First, when the magistrate judge misapplied the intervention rule, and second, when the district judge refused jurisdiction. But before I get to the issues of jurisdiction and intervention, I think it's important to summarize briefly what transpired below, how we got here. A year and a half ago, we filed a timely motion to intervene in the Maui lawsuit, just eight days after the complaint was filed. And by that time, the appellees and the defendant county had contacted the court to say that it would consent to magistrate jurisdiction. And this was the very same magistrate who just less than three months earlier, invalidated the Kauaʻi Ordinance in Syngenta Seeds. At that time, the county was the only existing party defendant, and the county openly opposed the GE initiative. It would not enforce the initiative. So the magistrate judge, in ruling on our motion, correctly found that the county would not adequately represent my client's district. The magistrate judge threw us a curveball. He subjected us to a burden of proof that we did not have under Rule 24A2. In the very same order, the magistrate granted the co-applicants, Shaka Intervention, then called Shaka existing parties, and then compared our interests to Shaka's, to deny our motion. And all without giving us an opportunity to go on that issue. Well, a judge doesn't have to let everyone in the world that wants to intervene. I mean, by looking at this courtroom, there might be a lot of people that would like to intervene. So a judge can control the number of people, when you're not a party, how many people, you know, that you can consolidate people that can represent your interests. You're not disputing that, are you? Or do you think everyone just, anyone that wants to gets to? Not anyone and everyone, but... If you take that position, that's not going to be a winner. Well, it's those who meet the very clear test in Rule 24A2. And the magistrate found that, he made that determination, that looking at, again, at the fourth criterion, whether there is adequate representation by an existing party. Existing party. This court must construe existing party to not render the term existing superfluous. You must give, you have a duty to give effect to every word in a statute. So existing parties means those at the time of the lawsuit. And at the time we filed, or at the time of our application. And at the time we filed, the only existing party defendant was the county. Well, if you consider Shaka's interest, how does your interest diverge from Shaka's? In two ways. First of all, my clients represent interests that, well, first, they all share the ultimate goal, right, of having or seeing this initiative upheld, to defend it. And they work to support that process. But they also went beyond that. In their motion, they showed how they have very direct personal interests, harms that are suffered by children on Molokaʻi. And that's very critical because, as mentioned in the Ritty Declaration, the impacts on Molokaʻi are different from impacts on Maui. Molokaʻi is the island where this of the Apele's operations are concentrated. That's, I think, 2,700 acres versus just 700 on Maui. So these people, these residents on Molokaʻi, on this island that's very rural, that leads a very rural lifestyle, they have the longest and most profound experience of living, again, and this is in the declarations, of living and working next to Monsanto and they would offer perspectives that Shaka might not, that the county definitely would not pursue. Well, I guess, though, if the issues are, as you've been sitting here, right, and the issues that the cases were decided, you know, have to do with federal and state preemption and all of those issues, how would, how would the things that you're talking about really make a difference in those legal issues? Because whether the ordinance, you know, stand or fail depend on these legal issues. They don't depend on the things that you're stating that have an emotional tenor to it. I mean, these are strictly legal issues. But that's not the test for intervention. The test, or the reason why parties approach the court. Well, but you just said, okay, but you just said that you both share the interest of making sure that these ordinances stay in place. That is your core common ground. Yes. But that is not the end of the inquiry. If, and this is in this court's Southwest Center for Biological Diversity, that if we can show we do not have sufficiently congruent interest, then we should be allowed in. And we did show that because we have more narrow interests. Again, looking at the specific harm suffered by the Molokai residents, but we also have broader interests. Center for Food Safety has a nationwide organization, as you all know, a nationwide organizational mission. They have years of legal experience litigating in this very type of action, indeed, against the very same appellee, Monsanto. They also bring with them... So what, you think he would have a better lawyer? Is that what you're saying? Of course, I don't want to comment on... I think the question is, I appreciate the fact that you have different and more specific harms. Would you make a different legal argument? We would. Our arguments would be different. In what way? What legal argument would be different? I can't... All I can say, and respectfully, is that our arguments would be different. And, of course, we were just relegated to amicus status, where we had just 3,000 words for the district court and just 7,000 on appeal. But this is your opportunity to make your argument as to what your legal argument would be. The reason, and again, respectfully, the reason why I can... I'm just limited to saying that we would make different arguments is because I'm not in a position to Monday morning quarterback. Yeah, but wouldn't this be the time and place? But wouldn't this be the time and place if here you're trying to convince us to say we're not adequately represented by just allowing the intervention of SHCA because we would make these legal arguments that they have not made? No, and that is because you are to assess our intervention motion at the time we applied, not to see what happened afterwards and then make us come forward to explain how we would have done things differently. It's, you look at when we applied... I understand that. I'm just moving ahead to that argument. I understand your argument that the district court should have assessed it on the basis of the existing parties when you made your motion. But moving ahead, that's why I'm saying what the magistrate judge did was to assess your position vis-a-vis SHCA. And that's what I'm trying to discern whether or not, given that decision, whether you would make different arguments than SHCA. And you said you would. The question is, can you articulate those today or you prefer to rest on your arguments made in your amicus brief? Well, again, I don't think it's on us at this stage on appeal to then come up with arguments that we would have made. But at that time, given the fact that SHACO had intervened just, and the only identified interests that they pointed out was twofold, being proponents of the measure and then being plaintiffs in a state action. But our application was different. We went, it was narrower because of, again, these very specific harms that the Molokai residents suffered. And also broader because of Center for Food Safety, its organizational mission that expands nationwide. So that is enough to suggest that our arguments would have been different. And it's not now on us, year and a half later, because we're here on appeal, because our If you ask us to get to the merits of the intervention order, we need to analyze how your interests would have been different in the litigation and how you were not adequately represented. So I guess what, if I were to make the best argument for you, I guess what you're saying is you were not adequately represented by the interests because your members have allegedly suffered unique personal harms by GMOs, including contamination, pollen transfer, and exposure to pesticides. Is that your argument here? That's one of them. And then also because there's no way that SHACO could have represented Center for Food Safety's organizational mission. And also, I want to point out, SHACO, at the time they filed an application, also filed a motion to dismiss. They wanted the court to stay and to abstain. They had an abstention argument, which would mean that the state courts would have taken over. That directly contradicted with my client's right to be heard in a federal forum, to have their rights adjudicated in federal court. So that was more than enough proof to show that we met that fourth criterion with respect to SHACO. But again, we don't get there because the correct interpretation of Rule 24A2, existing parties, means we only have to prove that the county would not adequately represent our interests. What exactly, I want to know, what are you appealing here today? We are appealing from the district court order. And if I might, I'm sorry, Chief Judge, I forgot to mention earlier that I had hoped to reserve five minutes of my time for rebuttal. And I see I'm moving into that now. Thank you. What exactly are you appealing? You're appealing, as I understand it, the district court's order not to rule on the magistrate order? Yes, we're appealing from the district court's order, in which it did two things. First, the district court found that, or judge found that she did not have jurisdiction. Second, she found that even though she wasn't going to touch the magistrate's order, she told us to save everyone the waste of time and money, that she would not grant our motion to intervene. And she said, I mean, ER 10, in her order, three critical points. She wanted to stop us from wasting time and money. She had reviewed the record. And she would find that Shaka adequately represented our interests. So she didn't get at the legal burden of proof question of whether existing parties means all other co-applicants. But that's an issue you still can address under your discretion to address issues not passed upon below if you're faced with a clear legal issue and a fully developed record. Here you have both. Go ahead. I'm sorry. But I just have a quick question in terms of, did you file a motion, why didn't you file a motion for reconsideration before the district court? Actually, well, at that point, we could appeal. Well, you could appeal or you could have filed a motion for reconsideration. And you did neither. But with the district court? I'm sorry. Yes. I mean, when the magistrate judge, who was then able to rule on this approved consent, made these rulings, you disagreed with the ruling regarding the motion to intervention. Correct? Yes, when the magistrate judge. Right. Well, Shaka was allowed to intervene. And there was no longer consent for the magistrate judge to proceed as a district court judge. Is that correct? Yes. Okay. So then it got assigned to a district court judge. Correct? Yes. At that point, it seems like you could have filed a motion for reconsideration. Well, we asked. And you didn't. Essentially, we went to the district judge for relief. We asked her to treat the magistrate's, quote, unquote, order as a finding and recommendation. And this is pursuant to New York Chinese TV. The second circuit court case that we are asking you to adopt that approach. The problem with that is it has consequences for the district courts and magistrate judges all through the circuit that are completely apart from this case. So we don't have any circuit authority, probably, but that's a tough leap, I think. Well, you do have circuit authority. All of this circuit's precedents on the contours of the Article III right to an Article III judge, Anderson, Allen v. Meyer, where this court has stated consent is the touchstone of magistrate jurisdiction. That was the actual reason that the circuit court said that the consent of intervention applicants is required. Does it say consent of the parties? The... Does it say consent of the parties? It does. We're talking about the statute. So you would ask us to say that an intervener is a party. Yes, because you have to construe the statute to comport with Article III. So how do you, as from a practical standpoint, everyone that wants to upend something, then could file a motion to intervene, and it could be five years into a litigation, and then you would say that if it weren't going well, someone could do that, and that they're an intervener, and you make them a party, and then it tips over to another judge. We're not saying that. Well, no, but what you're asking the court to do, by construing an intervener to be a party, that becomes the capability of that, and if, you know, most of us didn't just fall off the turnip truck, and people, when a litigation isn't going their way after a very long time, that would be exactly what someone would do. So you need to give us a legal authority of how intervener equals party. And the legal authority is the Constitution. Well, but the Supreme Court has spoken on this issue in the case of Einstein and has said that a party is not consistent with what your view of a party is, and the party is one by or against whom a lawsuit is brought, and that doesn't include the intervener. So I'm just struggling to find the legal authority that would countervail what the Supreme Court has said on this. And I see that my time is up. May I please answer? Please answer, yes. Thank you. And the legal authority, again, is this circuit's jurisprudence on the Article III right, that it's a personal right. In fact, in Pacemaker, the seminal case in which this court upheld the constitutionality of this very statute, two statutory safeguards were named. First, that the district court would be supervising and maintain control over the magistrate system. And second, litigant consent, that this consent belongs to the – or the flip side of consent is the waiver of a constitutional right. And in Pacemaker, that's why the Article III judge is even – or the Article III right is even waivable. It's because it belongs to the person. The person going to be bound by the magistrate's order, by the magistrate's decision, must be the person consenting. And that's why the rule that we're asking for today is that you construe 636C parties to include intervention applicants, and specifically intervention as of right, where we are asserting a right to be in this lawsuit. There's a world of difference between interveners as of right and every other person, such as the people that the district court named, like the jurors and witnesses. A world of difference, because they are not going to be bound by the judgment. They're not asking to be bound by the judgment. And they do not have a stake in the outcome. Thank you, Counsel. Thank you. May it please the Court. Hello again. Hello again. While I'm happy, of course, to discuss the merits of intervention, if this Court likes, they're really not before the Court. Judge Mulway correctly determined that any appeal from Judge Curran's order denying intervention had to go directly to this Court, because Judge Curran was – Couldn't she have construed it as a motion for reconsideration? I don't – Your Honor, interesting question, I guess. I think she could have. She might have had that ability to do that, but of course – I don't think the parties asked, but I think she could have. The parties didn't, and she didn't. It's an interesting question. I agree. But she didn't. And the interesting thing is – Also, too, couldn't you – if, you know, a lot of motions pop up again during a litigation, and if, say, someone could renew – because things change sometimes. You can – like, for example, motions in Lemony, you rule one way, and then something happens in the trial, and then someone renews it, and you go, whoa, you're right. Or something has happened – someone's opened up an issue on direct, that now something becomes relevant on cross that maybe couldn't have been introduced before. So it seems that when she took over this, if it were phrased in a certain way, she could revisit it. I think she could, Your Honor. There's no question about that. But what actually happened, of course, is that they simply appealed to her as though it had been a report recommendation, which it wasn't, and I'll address why. But at that point, she decided – she told them, look, I don't have jurisdiction here. Jurisdiction for an appeal would have to go to the Court of Appeals, and she expedited her decision on that in order for them still to have time within that 30-day period after Judge Curran's intervention decision in which they could have appealed to this court. Even having been given that suggestion, that hint, and that time, they chose not to appeal to this court within that 30-day period. They instead waited past the end of that 30-day period and only appealed to this court, the jurisdictional order of the district court, of Judge Mulway. Now, Your Honors have already discussed with your questions a bit why Judge Curran didn't need the consent of a putative or would-be intervener. The plain language, of course, says parties. But more than that, as Your Honor suggested, in the Eisenstein decision, the Supreme Court discussed the difference between someone who – a third party who would like to be a party and somebody who actually is one. In terms of the pacemaker decision, which was quoted by my opponent, then-Judge Kennedy, in that case, talked about the party that's being spoken of in 636C as a party to the case or controversy. That's, of course, not what a putative intervener is, but there's even a case that's, I think, more on point for this court. In the United States v. Real Property, and that case involved actually the owner of property that was being sued in rem, and that owner had yet to file a claim or an answer to the in rem complaint. And how the court analyzed it is the court said, look, party for purposes of 636 means a true party to the litigation, someone who could file a Rule 60 motion after the judgment. And they said because this is not a party in that sense, someone who could file a Rule 60 motion, a party to the litigation, they are not a party within the meaning of 636C. That holding applies here as well. A putative or would-be intervener is not a party to the litigation yet. They can't file, as such, a Rule 60 motion. They're not a party within the meaning of 636C. Because they weren't a party within the meaning of Rule 636C, consent was not required. Any appeal from that decision would have had to go to this court, and it wasn't done timely. So there really is nothing for this court to decide other than the jurisdictional ruling was correct in this case. Well, let me ask you this, though. What if the court, just hypothetically, if we were to hold that once the case had been transferred to the district court, it did have the authority to review the magistrate judge's intervention order akin to a motion for reconsideration? If we were, this is hypothetical, can we affirm on the ground that the motion to intervene was properly denied? Or, if so, what's your best argument that Shaka adequately represented Mom Huey's interests? Your Honor, I don't even think you'd get there yet, and I'll be happy, by the way, to address that question. I'll address it next. But I don't think you'd get there, because all you'd have at that point was a recommendation from the magistrate judge that the district court then hadn't acted on. In fact, the district court said, I'm leaving that alone, I'm not touching it. So you don't have a decision that, on the merits, could even be appealed to this court. This court would have to remand back to the district court and have the district court decide it in the first instance. The district court quite clearly didn't do that. Well, except Judge Mulway said, well, she kind of double-barreled it. She said, I don't have jurisdiction, but even if I did, I've looked at everything, and I don't find any merit to your motion to intervene. She said something slightly different, with due respect. What she said is, to the extent that you're tempted to file a motion for reconsideration with me, I don't think that I'd grant it, because at this point, Shaka undoubtedly is an existing party to the litigation. Whatever your arguments were before. She never looked at the question brand new, like Judge Curran did. That's exactly right. And so I think there would have to be a remand back to her for her to be able to look at that question new. This court is not in the habit of deciding things truly as a court of first or of original jurisdiction. And, in fact, it can't do so here, because this is an appeal that's up to this court under the collateral order doctrine. And under that doctrine, the court can only hear issues that have been dispositively decided below. That's the Stringfellow decision from the Supreme Court. So what are you saying is before us right now? What is on appeal? I think the only thing that's on appeal is whether Judge Mulway correctly decided that any appeal would have had to have gone to this court. She decided that correctly. There was no appeal to this court. She showed her cards on how she might have decided if she were considering the first sentence, but the jurisdictional appeal is the only thing in front of her. I think that's right. And I think that's all that this court has. To the extent, Your Honor, that you asked a question about the merits again, they're not here, but a couple of points there. Number one, first of all, it's not that this was sprung somehow unwarily on the putative interveners. They actually had at ER 149 and 150, in their initial intervention motion before Judge Curran, they addressed the differences between themselves and the folks from Shaka and talked about why they should be at least as good or be included in the bunch. Their analysis of that issue actually is ignoring the established case law of this circuit in the following sense. The circuit holds that if the two different parties that you're dealing with have the same ultimate goal in the litigation, there's a strong presumption then not to allow the intervention. There's a three-part test that is then applied to see whether that strong presumption has been met. Number one, whether the party that's an existing party will undoubtedly make the arguments of the putative intervener. Here, as this court found when it asked questions about the topic, there's been no point at which the putative interveners have said that, have identified any argument on the merits that wouldn't be made by Shaka, but which they would make. Number two, that they're ready and able, willing and able to make such arguments. Again, there's no basis on which to argue that Shaka is not ready and able. And number three, that there isn't some unique element that is added to the litigation that's absolutely necessary and they've identified none. Their only point is maybe they would differ on strategy and tactics to some extent as this court has held over and over and over again. So on the merits of that, I don't think they've got a strong argument. But once again, that's not before this court. This court really shouldn't and can't reach that question here. Thank you, counsel. You're welcome. We'll give you two minutes for rebuttal. I first want to start with responding to a case that was raised. I believe it was the U.S. vs. Real Property or the Lytle Motel case. And the court should look very carefully at footnote three. And there, aside from the party question, the court did intimate that if the property claimant had perfected standing by filing a claim at the same time as the 60B motion, that the district court would be empowered to then decide whether to grant the complainant some relief, even though he was absent at the initial stage, did not make an appearance, did not become a party, that later he was still not precluded from access to the district court, to the judge. So I think that that case actually supports our position. And it is in line, again, with this circuit's precedence in all of the Article III cases that we've cited that say the touchstone is consent, the touchstone for magistrate jurisdiction is consent. Also, to correct something I stated earlier, I think there was a question posed about the delay or just frustrating, you know, the process. And I want to remind the court that that's exactly what occurred here, that an intervener is a party because if someone is allowed to intervene, even five years down the road, they do get to decline consent. That's what happened. And that's why you cannot accept the Seventh Circuit's construction of 636C because it leads to nonsensical results. Congress could not have intended to give one, a non-Article III judge, the discretion to decide whether one is entitled to an Article III judge. And it also could not have intended what happened here, which is to have parties adverse to my client's interests, the county and the plaintiffs, for their decisions to dictate whether we had access to an Article III judge. Also, I want to point out that we're faced today with the threat of having no one defend the GE initiative, which because of, as you'll hear in the next case, the pending motion to dismiss for Shaka's lack of standing and to the extent that this court, again, to the extent that this court finds any merit with that motion, the magistrate judge's error in this case becomes all the more glaring. So we are asking you to allow us in, give my clients their rightful day in court. Thank you. Thank you, Counsel. H.S. Heard will be submitted for decision and will proceed with.
judges: Thomas, Callahan, Murguia